UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBRA DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1397 HEA |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's application.

### Facts and Background

Plaintiff's application for benefits alleges she was disabled from January 1, 2006 through December 31, 2006, the date her insured status expired. Plaintiff was 54 years old at the time of the hearing. She did not complete high school, but

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

received her GED. The ALJ found Plaintiff had the impairments of: rheumatoid arthritis and chronic obstructive pulmonary disease.

Plaintiff has worked as a dispatcher and Laundromat owner. During the relevant period, Plaintiff was able to drive. Her husband performed most of the household chores.

Plaintiff's application for social security under Titles II, 42 U.S.C. §§ 401, *et seq*., was denied on February 11, 2010. On February 7, 2011, the ALJ issued an unfavorable decision. On June 4, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the

immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674

F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had met the insured status requirements of the Social Security Act on January 1, 2006, but was no longer insured after December 31, 2006. At Step Two, the ALJ found that Plaintiff had the following severe impairments: arthritis and obstructive pulmonary disease. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or equaled in severity of any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to life and carry up to 20 pounds occasionally and up to 10 pounds frequently, to sit six out 6 hours in an 8 hour work day, and to stand and/or walk a total of two hours in an 8 hour work day. Plaintiff could frequently grasp, handle and finger objects, and occasionally stoop or crouch, but she could only kneel on a rare basis, could not crawl or climb ladders or scaffolds, and had to avoid concentrated exposure to pulmonary irritants. Thus, Plaintiff was able to perform limited range of light work.

At Step Four, the ALJ determined that Plaintiff is able to perform her past

relevant work as a dispatcher, therefore, the ALJ was not required to proceed to Step Five.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's

findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the RFC is conclusory and is not supported by substantial evidence. (2) there was no VE testimony despite the presence of non-exertional impairments.

**RFC and Medical Evidence**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the

claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Here, the ALJ considered Plaintiffs impairments and did determine that Plaintiff could perform light work and could not climb stairs, ramps, ropes, ladders, and scaffolds. Further claimant could only occasionally crouch and crawl, never kneel and should avoid concentrated exposure to pulmonary irritants. She could lift 20 pounds occasionally and 10 pounds frequently, sit 6 hours in an 8 hour workday, and stand/walk 2 hours in an 8 hour workday.

The ALJ determined Plaintiff's RFC based upon all of the relevant evidence, including medical records, observations of treating physicians, and her description of her limitations. As required by *McCoy v. Astrue*, 648 F.3d 605 (8th Cir. 2011); *Pearsall v. Massanari*, 274 F.3d 1211 (8th Cir. 2001); and *Anderson v. Shalala*, 51 F.3d. 777 (8th Cir. 1995), the ALJ articulated the basis for the weight given the evidence of the record and concluded Plaintiff had the RFC to perform a limited range of light work. In so finding, the ALJ considered the entire record including Plaintiff's complaints. He properly concluded there were inconsistencies in her allegations in relation to the record as whole.

Plaintiff relies heavily upon *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) in her assertion of deficiencies in the decision making process of the ALJ relating to credibility. The Eighth Circuit has never ruled that the ALJ must discuss every *Polaski* factor. The ALJ only needs to acknowledge and consider those factors before discounting subjective complaints. *Samons v. Apfel*, 497 F.3d 813 (8th Cir. 2007); *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). Here, the ALJ properly weighed, considered, and applied the standards.

**Absence of VE**

Plaintiff urges the ALJ erred in not obtaining the testimony of a vocational expert. As the Commissioner correctly argues, when an applicant can return to her previous relevant work, the ALJ is not required to obtain the testimony of a vocational expert. *Gaddis v. Chater*, 76 F.3d 893, 896 (8th Cir. 1996). Plaintiff's past work as a dispatcher did not require more than the limitations articulated by the ALJ. The ALJ decision that Plaintiff could perform her past relevant work is proper as based upon the record as a whole. Where an individual can perform her past relevant work, she is not disabled. *Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007) (citing *Jones v. Charter*, 86 F.3d 823, 825 (8th Cir. 1996).

The ALJ's findings were clearly based upon the record as a whole. The ALJ summarized Plaintiff's testimony regarding her limitations, the treatment

notes regarding her impairments, the medical opinions in the record, Plaintiff's representations in her report, and the ALJ's specific credibility findings. The ALJ applied the proper standard to the facts before him and his determination of Plaintiff's RFC and her ability to perform her past relevant work is supported by the record as a whole.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 14th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE